UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW L. MOFFETT,

  Plaintiff,

v.

BENEFIELD,

  Defendant.

Case No. 20-cv-02051-EMC

**ORDER OF SERVICE**

Docket No. 9

## I.  INTRODUCTION

Andrew L. Moffett, an inmate at Corcoran State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court dismissed the complaint with leave to amend to cure several pleading deficiencies. Mr. Moffett's amended complaint is now before the court for review under 28 U.S.C. § 1915A. This order directs service of the amended complaint on the Defendant.

## II.  BACKGROUND

In his amended complaint, Mr. Moffett alleges that he was falsely charged after a March 17, 2016 riot in the C-Yard at Salinas Valley State Prison. Correctional officer (C/O) Benefield allegedly accused Mr. Moffett of assaulting another inmate with serious bodily injury, although Mr. Moffett "was not involved with this situation at all." Docket No. 9 at 3. Mr. Moffett allegedly was found guilty of the charge and assessed a 10-month term in the security housing unit (SHU) due to being "misidentified" in the disciplinary report. *Id.* at 3-4. Mr. Moffett allegedly was one of about seven to nine African-American inmates who were accused of assaulting an inmate classified as "other"; every one of the inmates that went to administrative segregation was African-American except the allegedly assaulted man. *Id.* at 4. Other inmates were allowed to go

back to their cells. *Id.* "Prior to this incident, [Mr. Moffett] purchased a typewriter, and C/O Benefield warned [him] not to use it for any documentation" against prison officials. *Id.* at 3. Mr. Moffett alleges that he was not allowed to use cameras from the yard to prove his innocence because, according to staff, the cameras were not working that day. *Id.* at 4.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." *See Sandin*, 515

1   U.S. at 477-87.  An interest of "real substance" will generally be limited to freedom from restraint
2   that imposes an "atypical and significant hardship on the inmate in relation to the ordinary
3   incidents of prison life" or "will inevitably affect the duration of [a] sentence."  *Id.* at 484, 487.
4          Assuming that a prisoner is deprived of a liberty interest of real substance, the next matter
5   to decide is what procedural protections are required as a matter of federal due process.  The
6   procedural protections required in a disciplinary proceeding include written notice, time to prepare
7   for the hearing, a written statement of decision, allowance of witnesses and documentary evidence
8   when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are
9   complex.  *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974).  There also must be some
10  evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. 445, 454
11  (1985), and the information that forms the basis for prison disciplinary actions must have some
12  indicia of reliability.  *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).
13         Although false charges alone generally are not actionable under § 1983 because falsely
14  accusing a person of misconduct does not violate a right secured by the Constitution or laws of the
15  United States, a false charge that implicates the Fourteenth Amendment's right to due process is
16  actionable.  *See generally Burnsworth v. Gunderson*, 179 F.3d 771, 772 (9th Cir. 1999) (affirming
17  district court's order for prison officials to expunge the disciplinary charge from plaintiff's prison
18  record where false disciplinary charge in prisoner's file was "based on no evidence whatsoever");
19  *see also Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) (no § 1983 claim was stated for
20  allegedly false charges because the disciplinary confinement imposed was too short to amount to
21  an atypical and significant hardship under *Sandin*); *Grillo v. Coughlin*, 31 F.3d 53 (2d Cir. 1994)
22  (district court erred in granting summary judgment for defendant where use of altered drug
23  analysis reports at disciplinary hearing presented a fact question on claim for due process
24  violation).
25         Liberally construed, the amended complaint alleges a cognizable claim for a due process
26  violation against C/O Benefield, who allegedly falsely accused Mr. Moffett of assaulting the
27  victim.  The allegations that the false accusation in disciplinary proceedings caused Mr. Moffett to
28  receive a ten-month SHU term show the deprivation of a protected liberty interest.  And his

allegation that the charge that he assaulted the other inmate was false, liberally construed, indicates that he is asserting that the evidence was insufficient to support the disciplinary decision such that he did not receive the procedural protection of a decision supported by some evidence. The due process claim will be served.

A claim that a person has been treated differently from similarly situated people implicates his right to equal protection of the laws. "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted).

Mr. Moffett alleges that he and several other African American inmates were put in administrative segregation following the prison riot. Even with liberal construction, the amended complaint does not state a cognizable equal protection claim because Mr. Moffett has not alleged any facts that suggest an intent or purpose to discriminate based upon membership in a protected class. He alleges that all of the inmates who were accused of assaulting the victim were African American and they all were put in administrative segregation. This does not support an inference of purposeful discrimination, as it suggests that all of the perceived wrongdoers were treated the same. He does not allege, for example, that non-African-Americans who were accused of assaulting the victim were not sent to administrative segregation. Even with liberal construction, the allegations do not state a plausible claim that prison officials acted with an intent or purpose to discriminate against Mr. Moffett based upon his race.

Finally, the amended complaint does not state a claim for the loss of property Mr. Moffett allegedly suffered when he went to the SHU. The Court explained earlier that a claim for a random and unauthorized loss of property, such as that alleged by Mr. Moffett, was not actionable under § 1983, although it might support a state law claim if Mr. Moffett pled timely compliance with the claims-presentation requirements for a state law claim. Docket No. 7 at 5-6. "Timely claim presentation is 'a condition precedent to plaintiff's maintaining an action against [a state employee or entity] defendant.' *California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (Cal. 2004). The failure to include the necessary allegations about claim presentation makes the

complaint subject to attack for failure to state a cause of action. *Id.*" Docket No. 7 at 6. Mr. Moffett did not plead compliance with the California Government Claims Act's claims-presentation requirements for a state law claim. The state-law claim for loss or destruction of property therefore is dismissed for failure to state a claim.

## IV.     CONCLUSION

1. The amended complaint, liberally construed, states a cognizable claim against C/O Benefield for a due process violation. All other claims and defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, and a copy of all the documents in the case file upon C/O Benefield, who apparently works at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **May 21, 2021,** Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **July 2, 2021**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **July 23, 2021**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

   The defendants may make a motion for summary judgment by

5

> which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

5. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: February 17, 2021

_____
EDWARD M. CHEN
United States District Judge