UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW L. MOFFETT, | Case No.  20-cv-02051-EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| BENEFIELD, | |
| Defendant. | Docket No. 31 |

## I.      INTRODUCTION

In this *pro se* prisoner's civil rights action, Andrew Moffett alleges that correctional officer J. Benefield violated his right to due process by falsely accusing him of assaulting another prisoner, which resulted in Mr. Moffett losing good-time credits and receiving a ten-month term in the Special Housing Unit (SHU).

Defendant Benefield now moves for summary judgment on multiple grounds, including that Mr. Moffett's claim is *Heck*-barred.  Docket No. 31 ("MSJ").  For the reasons discussed below, the Court agrees with this dispositive argument, and concludes that Defendant Benefield is entitled to summary judgment.

## II.      BACKGROUND

A.      The Disciplinary Proceeding

Mr. Moffett alleges that on March 17, 2016, there was a riot on the C Yard at Salinas Valley State Prison (SVSP).  Docket No. 9 at 3.  He alleges that Mr. Benefield, his assigned building correctional officer, falsely accused him of assaulting another prisoner, although Mr. Moffett "was not involved with th[e] situation at all."  *Id.*  He was found guilty and sentenced to a

United States District Court
Northern District of California

1   ten-month SHU term.  *Id.*  Mr. Moffett alleges that he is "a known prison litigationist," and that

2   prior to the incident, Mr. Benefield had warned him not to use a typewriter he had purchased "for

3   any documentation against SVSP administration."  *Id.*

4       Mr. Moffett alleges that he was "misidentified" in the disciplinary violation report

5   regarding the assault.  Docket No. 9 at 4.  Although Mr. Moffett stated in the FAC that he did not

6   lose credits because he has a life sentence, *see id.*, he now appears to concede that he did lose

7   credits, *see* Docket No. 38 ("Opposition") at 2.  Defendant Benefield has introduced evidence that

8   Mr. Moffett did lose credits, *see* Docket No. 31-4 ("Kessler Declaration") ¶ 15, and as explained

9   in the Court's prior order Mr. Moffett no longer is serving a life sentence, *see* Docket No. 30 at 16.

10  B.   <u>Relevant Procedural History</u>

11      Mr. Moffett initiated the lawsuit on March 24, 2020, Docket No. 1, and the first amended

12  complaint ("FAC") is the operative complaint.  Docket No. 9.  The Court screened the FAC and

13  found a single cognizable claim: that Defendant had violated Mr. Moffett's due process rights in

14  connection with the disciplinary proceeding.  Docket No. 10.  The Court explained that false

15  disciplinary charges generally are not actionable.  *See id.* at 3.  However, the Court "liberally

16  construed" the FAC to "assert[] that the evidence was insufficient to support the disciplinary decision

17  such that he did not receive the procedural protection of a decision supported by some evidence," a due

18  process claim.  *Id.* at 4.

19      Defendant Benefield filed an earlier motion to dismiss this action as time-barred.  *See*

20  Docket No. 15.  Defendant Benefield argued that the statute of limitations for a civil rights action

21  is two years, which the State of California tolls for an additional two years for prisoners who are

22  not serving a life sentence.  *See id.* at 7.  Defendant Benefield argued that Mr. Moffett had been

23  sentenced to life without the possibility of parole, and therefore was not entitled to the two years'

24  tolling.  *See id.*  Because Mr. Moffett filed this action four years after the events at issue,

25  Defendant Benefield argued it was time-barred by two years.  *See id.*

26      The Court rejected Defendant Benefield's argument because Mr. Moffett's circumstances

27  had changed.  As the Court explained,

28         While Mr. Moffett was originally sentenced to life without the

2

possibility of parole (LWOP), *see People v. Moffett*, No. A143724, 2016 WL 7131542, at *1 (Cal. Ct. App. Dec. 7, 2016), he meets the qualifications of California's youthful offender law.  Cal. Penal Code § 3051.  Mr. Moffett committed the offense of conviction before he turned 18.  *See Moffett*, 2016 WL 7131542 at *1.  In 2017, the youthful offender law was amended to provide for parole eligibility after 25 years of incarceration for people sentenced to life without the possibility of parole for crimes committed before they turned 18 years old.  Cal. Penal Code § 3051(b)(4) (eff. Jan. 1, 2018 to Dec. 31, 2019).  CDCR's inmate locator website indicates that Mr. Moffett becomes eligible for parole in April 2029.

Docket No. 30 at 16 & n.6 (taking judicial notice of California's Inmate Locator) (citing *United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons inmate locator)).[1]  The Court also noted that Mr. Moffett was eligible to earn good-time credit, and that he had been assessed some of those credits as punishment for the disciplinary violation at issue in this action.  *See id*. at 17.

Because Mr. Moffett no longer was sentenced to life without the possibility of parole, and in fact had earned and been assessed good-time credit, the Court concluded that the California tolling statute applied to his damages claim and denied Defendant Benefield's motion to dismiss as to Mr. Moffett's claim for damages.  *See id*. at 16-19.  However, the Court noted that California does not toll claims for equitable relief, and so dismissed Mr. Moffett's claim for injunctive relief as time-barred.  *See id*. at 19.

### III.    VENUE AND JURISDICTION

Venue is proper in the Northern District of California because some of the events or omissions giving rise to the complaint occurred at a prison in Monterey County, which is located within the Northern District.  *See* 28 U.S.C. §§ 84, 1391(b).  The Court has federal question jurisdiction over this action brought under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1331.

---

[1] *See also People v. Moffett*, Appeal No. A143724, 2019 WL 479056, at *2 (Cal. Ct. App. Feb. 7, 2019) (unpublished) (noting that Mr. Moffett became entitled to a parole hearing upon passage of California Senate Bill 394).  *See also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (Federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citation and quotation marks omitted).  Court orders and other court documents are proper subjects of judicial notice, *see id.*, as are records of court proceedings, *see Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).  A court "may take judicial notice on its own" or after a party requests that it do so.  Fed. R. Evid. 201(c).

United States District Court
Northern District of California

## IV.    LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

When a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. *See Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with the defendant, however. *Id.* If material facts are disputed, summary judgment should be denied, and the "district judge rather than a jury should determine the facts" on the exhaustion question, *id.* at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," *id.* at 1170-71.

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder*

United States District Court
Northern District of California

1    *v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint

2    as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746,

3    plaintiff stated under penalty of perjury that contents were true and correct, and allegations were

4    not based purely on his belief but on his personal knowledge).  The FAC was made under penalty

5    of perjury and therefore is considered as evidence.

6         A court's function on a summary judgment motion is not to make credibility

7    determinations or weigh conflicting evidence with respect to a disputed material fact.  *See T.W.*

8    *Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  The evidence must

9    be viewed in the light most favorable to the nonmoving party, and inferences to be drawn from the

10   facts must be viewed in the light most favorable to the nonmoving party.  *See id*. at 631.

11                            **V.      DISCUSSION**

12        Defendant Benefield moved for summary judgment on the basis that Mr. Moffett was not

13   denied due process, *see* MSJ at 9-12; Defendant Benefield did not adjudicate the disciplinary

14   hearing, *see id*. at 12-13; Mr. Moffett's claim is *Heck*-barred, *see id*. at 13-15; and Defendant

15   Benefield is entitled to qualified immunity, *see id*. at 15-17.  The Court agrees that Mr. Moffett's

16   claim is Heck-barred, and so need not address Defendant Benefield's other arguments.

17        Mr. Moffett's claim for damages is barred by the *Heck* rule because the claims are closely

18   tied to Mr. Moffett's alleged entitlement to release from custody.

19        In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a plaintiff

20   cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for

21   other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

22   unless that conviction or sentence or other decision already has been determined to be wrong.

23   *See Heck*, 512 U.S. at 486-87.  A conviction or sentence may be determined to be wrong by, for

24   example, being reversed on appeal or being set aside when a state or federal court issues a writ of

25   habeas corpus.  *See id.*  Until the plaintiff can show that the conviction or sentence has been

26   invalidated, his claim for damages is not cognizable under § 1983.  *Heck*, 512 U.S. at 487.

27        Although *Heck* was decided in the context of a challenge to a criminal conviction, the

28   United States Supreme Court later extended *Heck*'s bar to the disciplinary assessment of a

1    prisoner's good-time credits.  *See Edwards v. Balisok*, 520 U.S. 641, 644-48 (1997).

2         In *Edwards*, the Supreme Court reversed a decision by the Ninth Circuit allowing plaintiffs

3    to challenge prison disciplinary procedures in a § 1983 suit.  *See id*.  The Court held that the

4    plaintiff's claim that his due process rights were violated in a disciplinary hearing was not

5    cognizable if "the nature of the challenge to the procedures [is] such as necessarily to imply the

6    invalidity of the judgment."  *Id.* at 645.  The plaintiff in *Edwards* lost good time credits as a

7    consequence of the allegedly-unconstitutional disciplinary hearing.  *Id.* at 643.  The heart of

8    *Edwards* is that a prisoner may not use a § 1983 suit, even one in which only damages are

9    requested, to attack the fact of his or her incarceration or the length of it unless the prisoner first

10   gets that conviction or incarceration set aside by another means—most usually, state or federal

11   habeas proceedings.  *Edwards,* 520 U.S. at 643, 648; *Heck,* 512 U.S. at 643.  The bar extends even

12   if the § 1983 suit does not seek restoration of the lost credits; it is enough that the claim implicates

13   the validity of the punishment, and at least part of the punishment affects the duration of the

14   sentence.  *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004) (*Heck* applied

15   even though prisoners disclaimed seeking relief which would affect the validity of their sentence);

16   *Thompson v. Hernandez*, 606 F. App'x 384, 385 (9th Cir. 2015) (affirming dismissal of action as

17   *Heck*-barred, "because success . . . would necessarily demonstrate the invalidity of his disciplinary

18   conviction and loss of time credits, and Thompson failed to allege facts sufficient to show [the

19   disciplinary conviction's] invalidation"); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997)

20   (holding that a claim regarding the improper denial of parole was *Heck*-barred, and finding that the

21   bar applies whether the plaintiff challenges procedural defects or the merits decision); *Jernigan v.*

22   *Regan*, 125 F.3d 858 (9th Cir. 1997) (unpublished) (*Heck*'s bar "applies even when the prisoner is

23   challenging only the procedures used rather than the substantive decision.") (citing *Butterfield*,

24   120 F.3d at 1024).

25        Defendant Benefield has introduced evidence that Mr. Moffett was not only placed in the

26   SHU as a result of the disciplinary proceedings, he also was assessed 360 days of good-time

27   credits.  *See* Kessler Decl. ¶ 15; *see also id*., Ex. A at 13 (stating that Mr. Moffett's punishment

28   includes a loss of 360 days of credit).  Mr. Moffett does not dispute that he was assessed good-

1    time credits.  *See generally*, Opp.  Indeed, Mr. Moffett argues that Defendant Benefield is "overly

2    concern[ed] with the loss of 360 days good-time credit," *id.* at 2, which concedes that this loss

3    occurred.[2]  Thus, as in *Edwards*, Mr. Moffett brought "a claim for damages and declaratory relief

4    . . . challenging the validity of the procedures used to deprive him of good-time credits."  *Edwards*

5    520 U.S. at 643; *see also* Docket No. 10 at 4 (finding a cognizable claim only by "liberally

6    constru[ing]" the FAC to "assert[] that the evidence was insufficient to support the disciplinary

7    decision such that he did not receive the procedural protection of a decision supported by some

8    evidence").  And as in *Edwards*, Mr. Moffett complains of a fundamental procedural defect in the

9    disciplinary proceedings – a failure of any evidence to support the disciplinary charge – which

10   "would, if established, necessarily imply the invalidity of the deprivation of his good-time

11   credits."  *Edwards* 520 U.S. at 646-47.  Accordingly, under *Edwards*, Mr. Moffett's claim is

12   *Heck*-barred.

13          The practical importance of the *Heck* rule here is that Mr. Moffett cannot attack his

14   disciplinary decision in a civil rights action for damages and instead must have successfully

15   attacked the decision before filing the civil rights action for damages.  In other words, *before* Mr.

16   Moffett may pursue damages for having been wrongfully found guilty of attacking another inmate,

17   he must prove in a *separate proceeding* that the finding is in fact wrongful.  Thus, pursuant to

18   *Heck*, to obtain money damages for the discipline here, Mr. Moffett must first challenge the

19   disciplinary decision, and have it reversed or expunged.  Defendant Benefield represents, and Mr.

20   Moffett, does not dispute, that no such challenge has occurred.  *Compare* MSJ at 14 ("That guilt

21   determination has not been altered, reversed, or expunged, and his good-time credits have not been

22   restored.") *with* Opp. (making no representation about the status of the disciplinary conviction).[3]

23   _____

24   [2] Were the Court to conclude that this loss did not meaningfully affect Mr. Moffett's sentence
     because at one time he was sentenced to life without the possibility of parole, this would
25   contradict the factual basis underlying its earlier conclusion that Mr. Moffett's claim was not time-
     barred.  *See generally*, Docket No. 30.  In other words, if *Heck* did not bar Mr. Moffett's claim, the
26   statute of limitations would.

27   [3] In an abundance of caution, the Court searched the dockets for Monterey County Superior Court,
     California's Sixth District Court of Appeal, and the California Supreme Court, in case Mr. Moffett
28   had filed an action challenging his disciplinary conviction.  The Court found no cases filed after
     the disciplinary conviction.  In federal court, the instant action appears to be the only suit filed by

United States District Court
Northern District of California

United States District Court
Northern District of California

1    For these reasons, Mr. Moffett's claim for damages is *Heck*-barred.  Although *Heck* does

2  not apply to requests for injunctive relief, that request was earlier dismissed as time-barred.  *See*

3  Docket No. 30 at 18-19.  Because no request for relief remains in this action, Defendant Benefield

4  is entitled to summary judgment.

5                                 **VI.**        **CONCLUSION**

6    For the foregoing reasons, Defendant Benefield's motion for summary judgment is

7  **GRANTED.**

8    This order disposes of Docket No. 31.  The Clerk is instructed to enter Judgment and close

9  the case.

10

11    **IT IS SO ORDERED**.

12

13  Dated: August 30, 2022

14

15    _____

16    EDWARD M. CHEN
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27  Mr. Moffett after the disciplinary conviction.  That Mr. Moffett has not even filed suit, other than
    the instant action, since his disciplinary conviction was entered, further shows that Mr. Moffett's

28  disciplinary conviction has not been expunged.  *See Robinson Rancheria Citizens Council,* 971
    F.2d at 248 (confirming federal courts properly may take judicial notice of events in state court).